IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME BLACKSHEAR,
    Plaintiff,

vs.                               Case No.: 5:06cv50/RS/EMT

NORMA B. GILO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on a complaint alleging civil rights violations pursuant to 28 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4).

       Plaintiff is an inmate currently housed at the Baker Correctional Institution (BCI), which is in the Middle District of Florida. The allegations in Plaintiff's complaint concern medical care he received at BCI and Gulf Correctional Institution (GCI), which is in the Northern District of Florida. Specifically, Plaintiff alleges improper medical care at GCI, after being infested with bugs or worms, from approximately March 28, 2005 to May 2, 2005 (*see* Doc. 1, Statement of Facts). Plaintiff states he was transferred to the Reception and Medical Center (RMC), which is in the Middle District, on or about May 3, 2005 (*id.*). He claims that a nurse at RMC witnessed the "live worms and bug things [and] seen [sic] Plaintiff was seriously infested" (*id.*). Plaintiff was then transferred to BCI on or about May 6, 2005 and has been housed there since that time, with the exception of at least one temporary transfer to RMC for treatment (*id.*). Plaintiff's complaint details numerous allegations of improper medical care throughout his incarceration at BCI, and further alleges that the condition existed at the time he filed his complaint. Named as Defendants are seven BCI staff members and three GCI staff members.

Plaintiff filed the instant complaint on February 24, 2006 (Doc. 1 at 8). On that same date, Plaintiff filed a virtually identical complaint in the Middle District of Florida (*see* Blackshear v. Summerlin, et al., Case No. 3:06cv189/TJC/HTS (S.D. Fla.)). In each complaint, Plaintiff names the same Defendants, recites the same facts in support of the complaint, and seeks the same relief.

Initially, 28 U.S.C. § 1391(b) provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Thus, Plaintiff may properly file this case in either the Northern or Middle District of Florida, as all Defendants reside in the state of Florida and at least one Defendant resides in each district. However, as provided in 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id*. Decisions whether to transfer a case are left to the "sound discretion of the district court and [are] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Services v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982). Further, such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord*, Roofing & Sheeting, 689 F.2d at 991 n.14.

The Supreme Court has stated that when courts determine whether to effect a change in venue, they should consider the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), *superseded by statute on other grounds*.

The proper venue for this action does not appear to lie in the United States District Court for the Northern District of Florida. Although the acts or occurrences forming the basis of the complaint

appear to have occurred in both the Northern and Middle Districts of Florida, the acts occurring in the Northern District spanned just over one month, while the acts occurring in the Middle District spanned approximately nine months. Additionally, three Defendants currently appear to reside in the Northern District, while seven Defendants, at least one witness, and Plaintiff appear to reside in the Middle District. Thus, attendance of witnesses and availability of sources of proof favor a transfer to the Middle District.

Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted). Here, however, Plaintiff chose two forums within which to file his case. Plaintiff, appearing pro se, in fact may not have known that either forum was proper and, accordingly, protectively filed in each district. However, judicial resources are best expended if only one case proceeds. Because the majority of the acts and occurrences of which Plaintiff complains occurred in the Middle District, this court concludes that the proper venue for this action is in the district court for the Middle District of Florida where Plaintiff's companion case is pending. Upon receipt of this case, that court, in its discretion, may consolidate this case with Blackshear v. Summerlin, et al., Case No. 3:06cv189/TJC/HTS (M.D. Fla.).

It is therefore respectfully, **RECOMMENDED**:

That this case be transferred to the United States District Court for the Middle District of Florida.

At Pensacola, Florida, this 25th day of April 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:06cv50/RS/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).